## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-62341

DIANE LEAL RIVERA

    Plaintiff,

v.

U.S. SECURITY ASSOCIATES, INC.
d/b/a ALLIED UNIVERAL

    Defendant.
_____/

## COMPLAINT

Plaintiff, DIANE LEAL RIVERA ("RIVERA"), by and through her undersigned attorneys, sues Defendant, U.S. SECURITY ASSOCIATES, INC. d/b/a ALLIED UNIVERSAL ("ALLIED UNIVERSAL"), and alleges as follows:

## INTRODUCTION

1.    This is an action for damages, declaratory and injunctive relief by Plaintiff, RIVERA against Defendant for disability discrimination under the Americans with Disabilities Act ("ADA"), as amended and the Florida Civil Rights Act ("FCRA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331, the ADA and the FCRA.

3.    Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendant conducts business within this judicial district, and a substantial part of the events constituting the discrimination claim took place within this judicial district.

## PARTIES

4.     RIVERA is a female, *sui juris,* and, at all times material to this action, was a resident of Broward County, Florida.  RIVERA was an employee of Defendant as that term is defined under the ADA and the FCRA.

5.     Defendant, ALLIED UNIVERSAL is foreign profit corporation that maintains an office located at 6301 NW 5th Way, Suite 5500, Fort Lauderdale, FL 33309. ALLIED UNIVERSAL was RIVERA's employer as that term is defined in the ADA and the FCRA.

## GENERAL ALLEGATIONS

6.     RIVERA began working for the Defendant in 2018 as a level 3 security officer.

7.     In April 2021, RIVERA sustained a severe knee injury.

8.     RIVERA's injury affected one or more of her major life activities, including her ability to stand, walk, and work.

9.     RIVERA was treated by a physician and was medically cleared to return to work with light duty restrictions on April 6, 2021.

10.    RIVERA notified the Defendant of her injury and light duty restrictions, which she anticipated would only be in place for a brief period and provided the Defendant with medical documentation demonstrating her need for accommodations.

11.    RIVERA's supervisor, Clinique Garland, began treating RIVERA differently and refused to accommodate RIVERA's request for an accommodation.

12.    Ms. Garland required RIVERA to work 10-hour workdays, rather than limit her work shifts to 8-hour shifts in accordance with her light duty restrictions.

13.    Notably, RIVERA was able to perform all the other job functions of her position.

14.    On April 21, 2021, Ms. Garland told RIVERA not to return to work if she could only work eight (8) hours shifts, which did not comply with RIVERA's light duty restrictions.

15. Soon thereafter, RIVERA was removed from the schedule.

16. On several occasions, RIVERA requested that she be permitted to return to work.

17. She stressed that she was capable of working, as stated in her doctor's notes, and that she simply needed the Defendant to comply with the light-duty restrictions.

18. The Defendant, however, completely disregarded her requests for accommodation and began pressuring RIVERA to resign.

19. Rather than succumb to this pressure, RIVERA continued contacting the Defendant requesting that she be placed back on the work schedule.

20. In response, the Defendant presented RIVERA with an ultimatum that she could either return to work in an inferior position with reduced pay or she would be permanently removed from the work schedule.

21. On May 7, 2021, Consuela Lamothe, a human resources representative, contacted RIVERA and told her that she had to return to work by Monday, May 10th, and if she did not return or contact the Defendant by that date, they would consider her resignation.

22. On May 8, 2021, RIVERA responded to this email explaining that she has been ready, willing, and able to return to work and has requested to return to work on several occasions. RIVERA also explained that the Defendant was not complying with her light duty restrictions and was failing to accommodate her requests for accommodation.

23. RIVERA did not receive a response to her email, and her employment was terminated.

24. RIVERA complied with conditions precedent to jurisdiction under the ADA and FCRA because she filed a Charge of Discrimination with the EEOC and the Florida Commission on Human Relations ("FCHR") on March 1, 2022, alleging disability discrimination against the Defendant. RIVERA has filed this suit within 90 days of receiving a Right to Sue notice from the EEOC; 180 days have elapsed since the Charge of Discrimination was filed with both the EEOC and the FCHR and FCHR

has not issued a determination in that time period; and RIVERA is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory and retaliatory acts. Thus, all administrative prerequisites have been satisfied and this suit is timely filed. True copies of RIVERA's Charge of Discrimination and Notice of Right to Sue are attached as Exhibits 1 and 2.

25. Plaintiff has satisfied all conditions precedent to bringing this action or these conditions have been waived or otherwise excused.

26. Plaintiff has retained the undersigned attorney to represent her in this action and is obligated to pay said attorney a reasonable fee for his services.

## COUNT I
## Violation of FCRA (Disability Discrimination)

27. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-26 and incorporates the same herein by this reference.

28. Plaintiff asserts that she was a disabled person by virtue of her knee injury, which affected her ability to ambulate fully, which prevented her from fully performing at work.

29. Defendant violated the FCRA by discriminating against Plaintiff because of her disability by failing to provide her a reasonable accommodation of working eight (8) hour shifts, by failing to provide her the reasonable accommodations recommended by her doctor; and by terminating her employment because of her disability.

30. As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, DIANE LEAL RIVERA, prays that this Court will:

a. Order Defendants to remedy the disability discrimination of Plaintiff by:

  i. Paying appropriate back pay;

  ii. Paying prejudgment and post-judgment interest;

  iii. Paying front pay in lieu of reinstatement;

  iv. Paying for lost benefits including medical insurance, pension and retirement plan;

  v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

## COUNT II
### Violation of FCRA (Perceived Disability Discrimination)

39. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-26 and incorporates the same herein by this reference.

40. Defendant violated the FCRA by discriminating against Plaintiff because Defendant perceived that RIVERA was disabled because of the impairments of her knee and terminated Plaintiff based upon Defendant's perception of her impairments.

41. As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, DIANE LEAL RIVERA, prays that this Court will:

a. Order Defendant to remedy the disability discrimination of Plaintiff by:

  i. Paying appropriate back pay;

  ii. Paying prejudgment and post-judgment interest;

  iii. Paying front pay in lieu of reinstatement;

  iv. Paying for lost benefits including medical insurance, pension and retirement plan;

  v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

## COUNT III
### Violation Of the ADA (Disability Discrimination)

43. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-26 and incorporates the same herein by this reference.

44. Plaintiff was a disabled person by virtue of her knee injury which affected her ability to ambulate fully, which prevented her from fully performing at work.

45. Defendant violated the ADA by discriminating against Plaintiff because of her disability by failing to provide her a reasonable accommodation of working an eight (8) hour shift, by failing to provide her the reasonable accommodations requested by her doctor; and by terminating her employment because of her disability.

46. As a result of Defendant's violations of the ADA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, DIANE LEAL RIVERA, prays that this Court will:

a. Order Defendant to remedy the disability discrimination of Plaintiff by:

  i. Paying appropriate back pay;

  ii. Paying prejudgment and post-judgment interest;

  iii. Paying front pay in lieu of reinstatement;

  iv. Paying for lost benefits including medical insurance, pension and retirement plan;

  v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 12205.

## COUNT IV
### Violation of the ADA (Perceived Disability Discrimination)

47. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-26 and incorporates the same herein by this reference.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

48. Defendant violated the ADA by discriminating against Plaintiff because Defendant perceived that RIVERA was disabled because of the impairments of her knee and terminated Plaintiff based upon Defendant's perception of her impairments.

49. As a result of Defendant's violations of the ADA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, DIANE LEAL RIVERA, prays that this Court will:

a. Order Defendant to remedy the disability discrimination of Plaintiff by:

   i. Paying appropriate back pay;

   ii. Paying prejudgment and post-judgment interest;

   iii. Paying front pay in lieu of reinstatement;

   iv. Paying for lost benefits including medical insurance, pension and retirement plan;

   v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to 42 U.S.C. § 12205.

## DEMAND FOR JURY TRIAL

Plaintiff, DIANE LEAL RIVERA, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this 14th day of December 2022.

> **GALLUP AUERBACH**
> 4000 Hollywood Boulevard
> Presidential Circle-Suite 265 South
> Hollywood, Florida 33021
> t: 954-894-3035
> e: jauerbach@gallup-law.com
>
> By:   */s/ Jacob K. Auerbach*
>       JACOB K. AUERBACH
>       FBN: 084003
>       *Counsel for Plaintiff*